**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 13, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MATTHEW HEPPLE,

  Plaintiff-Appellant,

v.

STATE OF NEW MEXICO; EX REL
CHILDREN, YOUTH AND FAMILIES
DEPARTMENT,

  Defendant-Appellee.

No. 11-2151
(D.C. No. 2:11-CV-00442-LH-LAM)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

  After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore,

submitted without oral argument.

  Matthew Hepple, a New Mexico state prisoner appearing pro se, appeals from the

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court's sua sponte dismissal of his complaint for lack of subject matter jurisdiction. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

On May 23, 2011, Hepple, an inmate incarcerated at the Lea County Correctional Facility in Hobbs, New Mexico, initiated these civil proceedings by filing in the District of New Mexico a pleading entitled "PETITION TO STRIKE TERMINATION OF PARENTAL RIGHTS/CUSTODY" (Petition). ROA, Vol. 1 at 1. The Petition alleged that on August 10, 2007, Hepple and his wife pled no contest in the District Court of Valencia County, New Mexico, to charges of child abuse and neglect filed against them by New Mexico's Children, Youth & Families Department. The Petition further alleged that in September 2008, the District Court of Valencia County, at the conclusion of a week-long hearing, terminated the parental rights of Hepple and his wife. According to the Petition, Hepple appealed to the New Mexico Court of Appeals, which, by written decision issued on May 19, 2010, affirmed the termination of parental rights.[1]
After outlining several reasons why the state court termination-of-parental-rights proceedings were flawed (e.g., ineffective assistance of counsel), the Petition asked the federal district court to "strik[e] the termination of parental rights" order, id. at 9, and "to decree an order granting [Hepple's] parental rights, visitation privileges; restoring his parental discretion to whom temporary custody of his minor children are; and any further

---

[1] Hepple attached to his Petition a copy of the New Mexico Court of Appeals' decision affirming the termination of Hepple's parental rights.

relief th[e] court m[ight] deem proper/necessary," id. at 10.

The district court, as required by 28 U.S.C. § 1915A[2], reviewed Hepple's petition and concluded that it should "be dismissed without prejudice for lack of subject-matter jurisdiction." Id. at 39. In support, the district court noted that, under the Rooker-Feldman doctrine, see Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983), it lacked jurisdiction to take the action requested by the Petition, i.e., to strike the state court decisions "and replace them with its own orders regarding the custody of [Hepple's] children." ROA, Vol. 1 at 40. The district court further noted that any additional "review of Hepple's state-court judgment and the underlying rulings could proceed only to the New Mexico Supreme Court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257." Id. at 41. Accordingly, the district court issued a final order on June 6, 2011, dismissing the Petition without prejudice. Id. at 42.

On June 20, 2011, Hepple filed a motion for reconsideration alleging, in pertinent part, that, following the New Mexico Court of Appeals' affirmance of the termination of parental rights order, he had filed an unsuccessful petition for writ of certiorari with the New Mexico Supreme Court. On July 13, 2011, the district court denied Hepple's motion

---

[2] Section 1915A mandates, in pertinent part, screening of civil cases filed by prisoners against governmental entities and employees: "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

3

for reconsideration, noting that the additional facts alleged in Hepple's motion "ma[de] no difference in the Court's [jurisdictional] analysis." Id. at 58.

Hepple filed a timely notice of appeal. He has since filed with this court a motion for leave to proceed without prepayment of costs or fees.

II

Hepple contends on appeal that the district court erred in concluding that it lacked subject matter jurisdiction over the Petition. We review the district court's decision de novo. See Mann v. Boatright, 477 F.3d 1140, 1145 (10th Cir. 2007) (holding that the dismissal of a complaint pursuant to the Rooker-Feldman doctrine is reviewed de novo).

After carefully examining the record on appeal and liberally construing Hepple's pleadings, we agree with the district court that the Petition was subject to dismissal for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. That doctrine, the Supreme Court has held, applies to cases brought by parties who have lost in state court "complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283 (2005). The doctrine undoubtedly applies in this case because Hepple's Petition, at bottom, sought relief from the now-final New Mexico state court order terminating his parental rights.

4

The judgment of the district court is AFFIRMED.  Hepple's motion for leave to to proceed on appeal without prepayment of costs or fees is DENIED.

Entered for the Court


Mary Beck Briscoe
Chief Judge